Marcin Wojtonik, Plaintiff in Error, v. Schuttler & Hotz, Defendant in Error.

### Gen. No. 16,536.

1. MASTER AND SERVANT—*risk is not assumed where ordinance requires machinery to be guarded.* Where a person in a workshop stumbles and his hand comes in contact with a machine driven by belting that was left unguarded by the master in violation of an ordinance requiring such machines to be guarded for the protection of employees, he cannot be held to have assumed the risk.

2. MASTER AND SERVANT—*evidence admissible to prove violation of safety ordinance.* Where an ordinance requires employers to guard machinery driven by belting and an employee is injured by coming in contact with such a machine that is unguarded, evidence that it was practicable to cover and guard the machine is competent and relevant to prove that the employer violated the ordinance.

3. TRIAL—*violation of ordinance may be proved before the ordinance is proved.* Where a servant is injured by coming in contact with an unguarded machine and he relies on an ordinance requiring such machines to be guarded, evidence that it was practicable to cover and guard the machine, to prove a violation of the ordinance by the master, is admissible before the ordinance is put in evidence.

Action in case for personal injuries. Error to the Superior Court of Cook county; the HON. WILLIAM H. MCSURELY, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed November 18, 1912. Rehearing allowed December 2, 1912. Original opinion refiled December 16, 1912.

F. W. JAROS, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; JOHN BARTON PAYNE and JOHN D. BLACK, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The plaintiff in error sued the defendant in error for damages on account of injuries to his right hand. At the close of the evidence for the plaintiff the court directed a verdict for the defendant, entered a judgment against the plaintiff and he prosecutes this writ of error. The defendant had a wagon factory in Chicago in which was used power-driven machinery, and employed the defendant as a blacksmith's helper. His principal work was to rivet iron work to the woodwork of farm wagons and, when required, to assist a blacksmith in welding. When the blacksmith wanted the plaintiff, he gave him a signal to come to him by tapping on his anvil. Plaintiff's bench was in an open space sixteen by twenty-five feet, and between his bench and the anvil of his blacksmith was an emery wheel supported by a frame and operated at a speed of 2000 revolutions per minute by a belt from a pulley on an overhead shaft. This wheel was used by the blacksmiths and their helpers to sharpen their tools and to smooth and polish iron work on first-class wagons. Just before the accident plaintiff picked up a finished bolster weighing fifty pounds, intending to put it down on the floor three or four feet from the wheel. While on his way with the bolster in his hands, his blacksmith tapped on his anvil and plaintiff started to run to him, still carrying the bolster. The floor was uneven and he stumbled and to prevent falling threw out his hand and put it on the moving emery wheel, thereby sustaining the injuries complained of. No one was using the wheel at the time, plaintiff could not tell by looking at it whether it was running or not, and it was not covered or guarded.

The first count of the declaration alleged that defendant operated in Chicago a wagon factory, in which was used an emery wheel driven by electric power; that at the time when, etc., there was in force the following ordinance:

"In every factory, workshop or other place or structure where machinery is employed and belting, shafting, gearing, elevators and every other portion of machinery when so located as to endanger the lives and limbs of those employed therein while in the discharge of their duties, shall be, as far as practicable, so covered or guarded as to make them reasonably safe and to prevent injury to such employees;"

that the defendant negligently, etc., had and used in said factory machinery, etc., so located as to endanger the lives and limbs of those employed therein in the discharge of their duties, and allowed said machinery, etc., to be uncovered and unguarded where it was practicable to have the same so guarded as to prevent injury to its employees, and negligently, etc., failed to cover or guard said emery wheel or to see that the floor near said wheel was in good repair; that plaintiff was in the employ of the defendant as a common servant, was under the control of a vice-principal of the defendant, and while, in pursuance of the orders of such vice-principal, he was carrying manufactured articles from one place to another near said emery wheel, using due caution, etc., he tripped and fell against said emery wheel, which was unguarded and unprotected, etc., and thereby was injured, etc.

On the trial plaintiff called as a witness a machinist and asked him if he knew anything about emery wheels. In answer to the question of the court as to what he was trying to prove, plaintiff's counsel said that it was whether it was practicable to put a cover on an emery wheel; that plaintiff had a count on an ordinance that provided that when it was practicable machinery should be covered, etc. The defendant objected on the ground that "such evidence would be entirely incompetent in any aspect of the case," and the court ruled out the evidence. The plaintiff then offered to prove that it was practicable, without interfering with the use of the emery wheel for grinding, to cover the top of it so that a person could not

accidentally come in contact with the top of the wheel, to which the defendant objected on the ground that such evidence was incompetent; the court sustained the objection, excluded the evidence offered, and the plaintiff excepted. The plaintiff had worked for defendant four years, three in its old shop and one in the new. Emery wheels last but a few months, but the same frame and appliances were used in the old shop as in the new, and plaintiff in both shops had worked near the wheel.

The contention of defendant in error here is that the plaintiff assumed the risk of injury from the unguarded condition of the emery wheel. It is also urged by the defendant in error that the question whether, under the ordinance counted on, the plaintiff assumed the risk incident to the defendant's violation of the ordinance, is not presented by the record, because the ordinance was neither proved nor offered in evidence on the trial, and because the record fails to show that the shop in which the plaintiff was injured was in Chicago. The last objection is not sustained by the record, which shows that plaintiff was asked if the shop where he worked was in Chicago, and defendant's counsel said: "That is admitted."

To show himself entitled to the protection of the ordinance counted on, plaintiff was bound to prove the ordinance and to prove that it was practicable to cover and guard the wheel so as to make it reasonably safe and prevent injury to employees. We see no reason why the plaintiff might not first offer proof that it was practicable to cover the wheel and then, if he made such proof, prove the ordinance. No question as to the order of proof was made at the trial, and the evidence was objected to and excluded on the ground that it was irrelevant and incompetent and not on the ground that it was offered before the ordinance was put in evidence.

We think that the question whether the plaintiff, by working near the uncovered and unguarded wheel, with

full knowledge of the violation by his employer of the ordinance counted on and of the consequent danger to himself, assumed the risk of injury from such violation, is presented by the record in this case.

We see no substantial difference between the statute on which the action in Streeter v. Western Wheeled Scraper Co., 254 Ill. 244, was based, and the ordinance counted on in this case. The statute in that case and the ordinance in this impose a specific duty on employers for the protection of employees. In that case it was held that the employer must not only use reasonable care to furnish a safe place and safe tools and machinery to his employees, but in addition must use in his business the means and methods provided by the statute for the safety of such employees. In the opinion the case of Browne v. Siegel, Cooper & Co., 191 Ill. 226, is distinguished on the ground that the ordinance in that case did not impose a specific duty for the protection of employees. In the opinion in the Streeter case, *supra*, the cases in different jurisdictions are carefully examined and the conclusion reached that, "Justice requires that the master, and not the servant, should assume the risk of the master's violation of the law enacted for the servant's protection."

We think that under the rule announced in the Streeter case, *supra*, a servant does not assume the risk of injury from the master's violation of the ordinance counted on; that evidence that it was practicable to cover and guard the emery wheel was competent and relevant to prove that the defendant violated the ordinance; and that such evidence was admissible before the ordinance was put in evidence.

It follows from what has been said that in our opinion the trial court erred in excluding the evidence offered, and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*